UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: DOUGLAS EUGENE BLAKE | BANKRUPTCY CASE |
|                                       Debtor | NO.: 17-05162 |
| Branch Banking & Trust Company | CHAPTER 7 |
|                                       Movant | |
|    v. | |
| Douglas Eugene Blake | |
|                                     Respondent | |

**MOTION OF BRANCH BANKING & TRUST COMPANY FOR RELIEF FROM THE AUTOMATIC STAY**

      Branch Banking & Trust Company ("Movant"), by its attorneys, Weber Gallagher Simpson Stapleton Fires & Newby, LLP, Peter E. Meltzer appearing, hereby moves for relief from the automatic stay. Grounds for this motion are as follows:

1. This court has jurisdiction over this contested matter pursuant to the provisions of 28 U.S.C. Section 1334 and 157(b)(2)(G).

2. Movant files this motion pursuant to Bankruptcy Rules 9013 and 9014 and Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code.

3. On or about December 19, 2017, Debtor filed for protection under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania under Case No. 17-05162.

4. On or about May 17, 2008, Susquehanna Bank ("SB") made available to Debtor and Melody Jean Blake the principal sum of $50,000.00 with interest in accordance with the terms and conditions of a certain Home Equity Line of Credit Agreement of even date executed by the Debtor and Melody Jean Blake in favor of SB (the "Note").

5. The Note is secured by a Mortgage executed by Debtor and Melody Jean Blake in favor of SB (the "Mortgage") for certain real property located at 1231 Aylesbury Lane, York, PA 17404 (the "Property"). The Mortgage was recorded on July 21, 2008 with the York County Recorder of Deeds at Instrument No. 2008045752.

6. Movant is the successor in interest by merger with SB.

7. The Note and the Mortgage contain a provision that if any installments of principal or interest should remain unpaid after the same shall fall due, then, at the option of the mortgagee, all principal sums and all unpaid interest, advances made by the mortgagee, attorneys fees and costs of court may be declared immediately due and payable.

8. The Mortgage provides that upon default in payment of any sums due under the Note and Mortgage, Movant may pursue foreclosure proceedings against the Property and may also recover all costs of collection and reasonable attorneys' fees pursuant to the mortgage foreclosure action or any other legal action taken by Movant against the Debtor.

9. Debtor did not make the August 6, 2016 payment due under the Note or any payment thereafter. Debtor is currently delinquent in the sum of $4,264.43, which includes past due payments totaling $3,583.43 and $681.00 in attorney's fees and costs related to the filing of this Motion.

10. Under Section 362(d)(1) of the Bankruptcy Code, the court has the authority to terminate or modify the automatic stay "for cause, including lack of adequate protection of an interest in property of such party in interest."

11. Given that this is a Chapter 7 case liquidation case and Debtor has not made payments under the Note in over a year, cause exists to lift the automatic under Section 362(d)(1) of the Bankruptcy Code so that Movant may commence the exercise of its rights and

remedies under the loan documents.

WHEREFORE, for all of the foregoing reasons, Movant requests that, pursuant to Section 362(d)(1) of the Bankruptcy Code, the automatic stay be terminated to permit Movant to exercise its proper rights and remedies under its loan documents with Debtor, schedule the Sheriff's sale of Property, take legal title to the Property, and that Movant be granted such other and further relief as may be just and equitable under the circumstances.

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

Dated: January 5, 2018

   /s/ Peter E. Meltzer
Peter E. Meltzer, Esquire
PA Identification No. 39828
2000 Market Street, 13th Floor
Philadelphia, PA 19103
267-295-3363; pmeltzer@wglaw.com
Attorneys for Movant